AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>1. Saul Cesar ARMENDARIZ<br>2. Sonia BAILON<br>3. Edith Uniquley SILVAS<br>4. Elizabeth OTERO<br><br>*Defendant(s)* | Case No.<br><br>3:19-MJ-6866-ATB (1-4) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **June 25, 2019** in the county of **El Paso** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i) | knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others known and unknown, to commit offenses against the United States, namely: knowing and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did transport, move, and attempt to transport and move such alien within the United States by means of transportation and otherwise, in furtherance of said violation of law. |

This criminal complaint is based on these facts:

Charge #1: DEFENDANT #1 Saul Cesar ARMENDARIZ
Charge #1: DEFENDANT #2 Sonia BAILON
Charge #1: DEFENDANT #3 Edith Uniquley SILVAS
Charge #1: DEFENDANT #4 Elizabeth OTERO

☑ Continued on the attached sheet.

*Complainant's signature*

Jose Navarro Jr, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/28/2019

*Judge's signature*

City and state: El Paso, Texas

Anne T. Berton, U.S. Magistrate Judge
*Printed name and title*

AFFADAVIT

On June 25, 2019 at approximately 9:15 p.m., a Forward Looking Infrared Camera operator advised Border Patrol Agents (BPA) agents of three sedans traveling westbound along an unpaved field road in a near proximity to United States / Mexico border. This is an area commonly used by alien smuggling organizations to pick up undocumented aliens and attempt to further their entries.

BPA Herrera and Sundermann, operating in plain clothes capacity and in unmarked government vehicles, responded to the area and located two of the three vehicles as they traveled westbound on an unpaved field road. BPAs observed the vehicles, activated their emergency lights, and conducted an immigration stop on two vehicles.

BPA Sundermann approached the lead vehicle which was a Ford Fusion. The vehicle was being driven by ARMENDARIZ, Saul Cesar Jr., later identified as DEFENDANT 1. BPA Sunderman identified himself as a Border Patrol Agent by displaying his badge and questioned the subject to his citizenship and nationality. DEFENDANT 1 claimed to be a United States Citizen. BPA Sundermann then questioned DEFENDANT 1 as to what he was doing out in the area to which DEFENDANT 1 stated that he was just out for a drive. BPA Sundermann then asked DEFENDANT 1 if he knew the people in the car that were following him, to which DEFENDANT 1 said he did not.

At the same time, BPA Herrera approached the second vehicle a blue in color Honda Civic, identified himself as a BPA and questioned the individuals as to their citizenship and nationality. The second vehicle was operated by a female driver, BAILON, Sonia, later identified as DEFENDANT 2 who stated that she was a United States Citizen. The front seat passenger, SILVAS, Edith Uniquely, later identified as DEFENDANT 3, also claimed to be a United States Citizen. In the rear seat BPA Herrera could see four individuals that appeared to have muddy clothing, crammed together, with one individual lying across the laps of the other three unidentified males. BPA Herrera questioned DEFENDANT 2 if she could identify the passengers of the vehicle to which she stated DEFENDANT 3 was her daughter but that she did not know who the rear passengers were. DEFENDANT 2 stated that she had been asked to give them a ride, then looked over at DEFENDANT 1's vehicle. DEFENDANT 3 then instructed DEFENDANT 2 to shut up and not say anything. At that point, BPA Herrera removed both DEFENDANTs from the vehicle and separated them in order to conduct a field interview. Both DEFENDANTs were advised of their Miranda rights and waived their rights to an attorney.

BPA Herrera then questioned all four male individuals in the rear seat of the vehicle as to their citizenship and nationality. All four individuals admitted to being illegal aliens and illegally present in the United States.

DEFENDANT 1 was advised of his Miranda rights and invoked his rights to legal representation.

At approximately 9:40 p.m., BPAs where advised of the location of the third vehicle. BPA Herrera responded to the location and conducted an immigration stop on a Honda Accord (TX# KCZ 9531).

BPA Herrera approached the Honda Accord, driven by OTERO, Elizabeth, later identified as DEFENDANT 4. BPA Herrera identified himself as a Border Patrol Agent and began to question the passengers as to their citizenship and nationality. BPA Herrera observed a large number of individuals sitting on top of each other's laps riding in the 2-door mid-sized sedan and that the passengers appeared to have muddy clothing. DEFENDANT 4 stated she was a US Citizen. BPA Herrera asked DEFENDANT 4 if she could identify the subjects in her vehicle, to which she stated she could not. DEFENDANT 4 stated that she had been asked to pick-up the subjects and then stated that she knew it looked bad and that she knew what it looked like. BPA Herrera asked DEFENDANT 4 for clarification to what she had just said and she replied, you know it looks like a bad thing with illegals.

BPA Herrera asked DEFENDANT 4 to step out from the vehicle. As DEFENDANT 4 exited the vehicle she stated that she was sorry, and that it was just a bad decision and that she didn't know why she did it. DEFENDANT 4 continued by stating, I do know, it's the money. BPA Herrera advised DEFENDANT 4 that she was being detained for suspicion of alien smuggling and read her Miranda to Rights via a field card. DEFENDANT 4 invoke her right to legal representation. BPA Herrera then questioned the remaining individuals in the vehicle as to their citizenship and nationality. All ten individuals in the Honda Accord, admitted to being illegally present in the United States.

All four DEFENDANTs and the 14 individuals, from the three vehicle stops, where placed under arrest and transported to the Clint Border Patrol station for further processing and to investigate their role in the smuggling scheme. At the Station, DEFENDANT 2, DEFENDANT 3 and DEFENDANT 4 were provided with their written Notice of Rights and all three consented to speak to Agents without the presence of a Lawyer. DEFENDANT 2, DEFENDANT 3 and DEFENDANT 4 provided sworn statements describing their involvement in the alien smuggling scheme and positively identified DEFENDANT 1 as the coordinator of the event.

The following is DEFENDANT 2's post Miranda statement, non-verbatim, as to her involvement in the smuggling scheme:

DEFENDANT 2's claims that DEFENDANT 1 called her on June 25, 2019 at approximately 8 p.m. and sent her to pick up some illegal aliens that were stranded. DEFENDANT 2 stated she was instructed through a Whatsapp message to meet at 7/11. At the 7/11, DEFENDANT 2 and DEFENDANT 3, met with DEFENDANT 4. DEFENDANT 2 stated that DEFENDANT 1 was going to pay her with gas money. DEFENDANT 1 then gave DEFENDANT 2 instruction, over the phone, of where to travel and DEFENDANT 4 followed her to a desert area. DEFENDANT 2 stated that DEFENDANT 1 was at the location he instructed them to meet and that DEFENDANT 1 pointed out where the illegal aliens where concealing themselves.

DEFENDANT 2 stated that once the illegal immigrants began to enter her vehicle she knew they were illegal.

DEFENDANT 2 stated that DEFENDANT 1 was going to get paid $1,500 USD and that he would pay her some of that money.

DEFENDANT 2 stated that she was instructed to transport the illegal aliens to an address near Hawkins, by Cielo Vista Mall.

DEFENDANT 2 stated that DEFENDANT 1 coordinated with her via text at approximately 9am and that the other driver, DEFENDANT 4, was kind of slow. And that DEFENDANT 4 would need to follow her vehicle.

The following is DEFENDANT's 3 post Miranda statement, non-verbatim, as to her involvement in the smuggling scheme:

DEFENDANT 3 stated that a smuggler, DEFENDANT 1 going by the alias of Angel, sent them to pick up the illegal aliens. On June 25, 2019, DEFENDANT 1 called her mother, DEFENDANT 2, and instructed them to meet him at a 7/11 to pick up some of his friends. At the 7/11, they met a woman in a gray car who had also been instructed to meet there by DEFENDANT 1. DEFENDANT 1 then gave DEFENDANT 3 and DEFENDANT 2 instructions, over the phone, of where to travel as they all travelled together to a desert area. DEFENDANT 3 stated that once they got to a location near the Port of Entry, she knew they were picking up illegal immigrants. Individuals then whistled from some bushes, came out from some brush and began to load into their vehicle.

DEFENDANT 3 identified DEFENDANT 1 as the smuggler that goes by the name of Angel.

DEFENDANT 3 stated she didn't know how much they were going to get paid.

The following is DEFENDANT's 4 post Miranda statement, non-verbatim, as to her involvement in the smuggling scheme:

DEFENDANT 4 was instructed by DEFENDANT 1 to follow DEFENDANT 2 to the pick-up location.

DEFENDANT 4 stated that once the illegal immigrants began to enter her vehicle she knew they were illegal.

DEFENDANT 4 stated she didn't know how much she was going to get paid, but that DEFENDANT 1 was going to pay her.

DEFENDANT 4 stated that a smuggler, DEFENDANT 1 going by the alias of Angel, sent her to pick up the illegal aliens. On June 25, 2019, DEFENDANT 4 stated that, DEFENDANT 1, sent her to a 7/11 near Fabens and Alameda. DEFENDANT 4 then followed DEFENDANT 3's car until they got to a dirt road. That's where a lot of individuals began to enter my car.

DEFENDANT 4 stated she got lost as she tried to leave the area.  DEFENDANT 4 stated she has DEFEDANT 1 phone number information saved on.